[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This action was originally brought in small claims court in New Britain, and was transferred to the Superior Court in New Britain per order of Aronson, J. on March 18, 1991. It was subsequently transferred to Hartford. The defendant, Henry Francis Healey, Jr., is the High Sheriff of New Haven County. The case arises out of an alleged failure by the defendant to serve in a timely manner a wage execution order received from the plaintiff.
Plaintiff filed a single count "Substitute or Amended Complaint" dated April 22, 1991, alleging that Healey and his agents, servants and employees negligently failed and neglected to serve or effect service of a wage execution obtained by the plaintiff in a civil action against Eduardo Maldonado. Plaintiff alleges that defendant claimed he never received the execution, and alleges that such claim is false. She further alleges that a new execution was obtained, which was served by one of the defendant's deputies on July 26, 1990. On September 25, 1990 Maldonado left his employment and departed to parts unknown.
On May 17, 1991, Healey filed a motion to strike the complaint, asserting that he did not breach a duty owed to the plaintiff where the wage execution was served within the two-month period allowed for by 52-48 of the General Statutes. Also on May 17, 1991, Healey filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction. He also filed memoranda of law in support of each motion. On May 31, 1991 the plaintiff filed a Request for Leave to Amend her complaint by adding two additional counts, alleging some statutory cause of action in the second count and a claim that the defendant made false statements in his affidavit in the third count. She also filed an "Objection to Defendant's Motion to Dismiss and Combined Memorandum of Law re: Same and Defendant's Motion to Strike Complaint."
The Motion to Dismiss
Defendant moves to dismiss for lack of subject matter jurisdiction on the ground that as a government employee, he is immune from suit. The court has jurisdiction over negligence CT Page 7033 actions. This case is a negligence action; therefore, the court has jurisdiction. Governmental immunity should be pled as a special defense. Practice Bk. 164. The Motion to Dismiss is denied.
The Motion to Strike
Defendant moves to strike the first count of the complaint on the ground that plaintiff has not alleged any duty owed to her by the defendant. We find that the first count is legally insufficient. Accordingly, the motion to strike Count One is granted. Practice Bk. 152.
M. HENNESSEY, J.